# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| RENEE' A. RICE, | : | No. 325 WAL 2019 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| DIOCESE OF ALTOONA-JOHNSTOWN, | : | |
| BISHOP JOSEPH ADAMEC (RETIRED), | : | |
| MONSIGNOR MICHAEL E. SERVINSKY, | : | |
| EXECUTOR OF THE ESTATE OF BISHOP | : | |
| JAMES HOGAN, DECEASED, AND | : | |
| REVEREND CHARLES F. BODZIAK, | : | |
| | : | |
| Petitioners | : | |

## ORDER

**PER CURIAM**

     **AND NOW**, this 2nd day of March, 2020, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioner are:

(1) Did the Superior Court commit reversible error by misinterpreting the fact-specific holding of *Nicolaou v. Martin*,195 A.3d 880 (Pa. 2018) — a latent disease/medical malpractice case that did not purport to overrule *Meehan v. Archdiocese of Phila.*, 870 A.2d, 912 (Pa. Super. 2005), *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270 (Pa. Super. 2005), or any other precedent — thereby abrogating the statute of limitations and the discovery rule in civil actions?

(2) Did the Superior Court commit reversible error by establishing for the first time a rule whereby a fiduciary once in a confidential relationship owes a never-ending duty to speak after the end of the relationship, thereby eliminating a plaintiff's duty to exercise due diligence and conduct a reasonable investigation in support of his/her causes of action?

(3) Did the Superior Court commit reversible error by overruling precedent and holding that a plaintiff may bring a secondary cause of action for civil conspiracy where the primary cause of the harm is time barred?

The application for leave to file an amicus brief in support of the petitioner *nunc pro tunc* is **GRANTED**.